```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

CHICAGO TILE INSTITUTE WELFARE  )
PLAN, et al.,                   )
                                )
               Plaintiffs,      )
                                )
     v.                         )    No.  12 C 7325
                                )
CENTRAL TILE SERVICES CO.,      )
et al., etc.,                   )
                                )
               Defendants.      )
```

## MEMORANDUM ORDER

In this ERISA action brought by three employee benefit funds, this Court has received two one-page handprinted documents: one labeled "Answer" and the other on a printed form captioned "Proof of Service." This memorandum order is issued sua sponte to strike the totally unsatisfactory Answer.

Two defendants are named in the Complaint: dissolved corporation Central Tile Services Co. ("Central Tile") and Christopher Jones ("Jones"), the latter assertedly sued because he is now doing business in the name of that dissolved corporation. To begin with, the purported Answer is unsigned, though it appears from the Proof of Service form that it was prepared by one "Annemarie Jones"--and of course Ms. Jones is obviously not Christopher Jones, and it is equally obvious that she is not a lawyer. As a matter of law a corporation cannot

represent itself--it must appear in court through a lawyer[1]--and although Christopher Jones may choose to represent himself rather than through a lawyer, Annemarie Jones is not authorized to represent him either.

There are a number of substantive defects in the purported Answer as well. Here they are:

1. Under Fed. R. Civ. P. ("Rule") 8(b)(1)(B) a defendant must either admit or deny each of the plaintiffs' allegations. That has not been done here.

2. This District Court's LR 10.1 requires every answer to be self-contained, in the sense that the nature of each allegation of the complaint must be stated before the answer to that allegation is set out:

> Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed.

For defendants' information, most lawyers comply with that requirement by copying each paragraph of the complaint and following that with the answer to that paragraph.

As stated earlier, the present Answer is stricken, and defendants are ordered to file an Amended Answer on or before

---

[1] Because a corporation can be sued post-dissolution under some circumstances, that would appear to apply to the corporate defendant here. That however must be checked with a lawyer, for this Court cannot provide legal advice to the litigants before it.

November 2, 2012.  If they fail to do so, plaintiffs may seek to obtain an order of default.  Lastly, defendants are reminded that an initial status hearing has been set by this Court for 9 a.m. January 9, 2013.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 22, 2012